FILED
2008 Mar-17  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CAROL MCGINNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:_____ |
| | ) **JURY TRIAL DEMANDED** |
| WASHINGTON MUTUAL, a foreign company, | ) |
| and BRACHFELD ASSOCIATES, a foreign company, | ) |
| | ) |
| Defendants. | ) |

## I.  COMPLAINT

COMES NOW Plaintiff, by and through her attorney of record, and would show unto the Court as follows:

## II.  PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages brought by an individual consumer CAROL MCGINNIS (hereinafter referred to as "PLAINTIFF") against DEFENDANTS BRACHFELD ASSOCIATES and WASHINGTON MUTUAL for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA"), to obtain injunctive and declaratory relief.  In addition, this petition seeks statutory and actual damages under the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1 *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## III. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  The violations of PLAINTIFF'S rights as alleged herein occurred in St. Clair County, Alabama, and were committed within the Middle Division of the Northern District of the State of Alabama.

## IV. PARTIES

4.  Plaintiff is a natural person and is a resident and citizen of St. Clair County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5.  DEFENDANT BRACHFELD ASSOCIATES (hereinafter, "BRACHFELD" or "DEFENDANT") is a foreign company or professional organization, a better denomination of which is unknown to PLAINTIFF at the present time, engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where BRACHFELD regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

6.  DEFENDANT WASHINGTON MUTUAL (hereinafter, "WASHINGTON" or "DEFENDANT") is a foreign company or professional organization, a better denomination of which is unknown to PLAINTIFF at the present time, engaged in the

business of furnishing consumers with credit in the state of Alabama.

## V. FACTUAL ALLEGATIONS

7. PLAINTIFF restates and reiterates herein all previous paragraphs.

8. Sometime prior to October 6, 2006, PLAINTIFF incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a WASHINGTON Mutual Bank Providian Visa credit card, which was allegedly used by PLAINTIFF to make personal purchases of clothing-related items.

9. PLAINTIFF hired the Seideman Law Firm, P.C. to assist her in reaching a settlement with WASHINGTON.

10. On or around October 6, 2006, PLAINTIFF, by and through the Seideman Law Firm, P.C., reached a settlement agreement with WASHINGTON whereby PLAINTIFF agreed to pay the sum of $2,400. In return, WASHINGTON agreed to settle PLAINTIFF'S account, forgive any remaining balance, and submit a request to the credit bureaus to update PLAINTIFF'S profile.

11. On or around October 11, 2006, PLAINTIFF, by and through the Seideman Law Firm, P.C., electronically transferred the sum of $2,400 to WASHINGTON pursuant to the terms of the aforesaid settlement agreement.

12. Subsequent to the aforesaid settlement, WASHINGTON consigned, placed, or otherwise transferred, or caused to be consigned, placed, or otherwise transferred, PLAINTIFF'S account to BRACHFELD for the purpose of collection.

13. BRACHFELD, by and through its agents, representatives, and/or employees, has

repeatedly contacted and/or attempted to contact PLAINTIFF and her husband, Gary McGinnis, who *is not a debtor* on PLAINTIFF'S Providian account.

14. In addition, BRACHFELD, by and through its agents, representatives, and/or employees, has contacted PLAINTIFF and/or her husband after PLAINTIFF'S attorney notified BRACHFELD that he was representing PLAINTIFF.

15. Pursuant to 15 U.S.C. § 1692 *et seq.*, PLAINTIFF notified DEFENDANTS both disputing the validity of the alleged debt and also advising them that the account had been settled.

16. DEFENDANTS moved forward with their collection efforts on the alleged debt despite their failure to verify and validate the debt after PLAINTIFF'S dispute thereof.

17. DEFENDANTS' actions, omissions, misrepresentation, and violations of the FDCPA regarding PLAINTIFF'S alleged debt as described herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon PLAINTIFF, proximately causing PLAINTIFF to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which PLAINTIFF will in the future continue to suffer the same.

18. DEFENDANTS' harassing conduct, in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692c(c), 1692d, 1692e(1), 1692d(2), 1692d(5), 1692e, 1692f, 1692i, and 1692j, amongst others, as well as an invasion of her privacy by an intrusion upon PLAINTIFF'S seclusion.

## VI.  COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

19. PLAINTIFF restates and reiterates herein all previous paragraphs.

20. DEFENDANTS attempted to collect a consumer debt allegedly owed by PLAINTIFF and the obligation required PLAINTIFF to pay money arising out of transactions for personal, family, and household purposes.  More specifically, the following actions of DEFENDANTS violated the FDCPA:

    a) Contacting PLAINTIFF, subsequent to her dispute thereof, without verifying the validity of the alleged debt;

    b) Contacting PLAINTIFF after she notified them that she was represented by an attorney;

    c) Contacting PLAINTIFF'S husband who is not a debtor on the subject account;

    d) Contacting PLAINTIFF in a harassing manner and using harassing techniques in an attempt to collect the alleged debt;

    e) Attempting to collect a debt which is not legally owed;

    f) Taking illegal actions against PLAINTIFF;

    g) Continuing to contact PLAINTIFF on this invalid debt; and

    h) Failing to provide validation of the debt.

21. The foregoing acts and omissions were undertaken by DEFENDANTS willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of the rights of PLAINTIFF.

22. The foregoing acts and omissions of each and every DEFENDANT constitute numerous

and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

23. As a result of the above violations of the FDCPA, DEFENDANTS are liable to PLAINTIFF for a declaratory judgment that DEFENDANTS' conduct violated the FDCPA, and PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## VII.  COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3 *et seq.*

24. PLAINTIFF restates and reiterates herein all previous paragraphs.

25. The conduct described herein has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

26. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

27. The foregoing acts and omissions of the DEFENDANTS were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collecting business, and PLAINTIFF relied upon such representations as being lawful, yet such conduct is prohibited.

28. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

29. DEFENDANTS' unfair and deceptive acts have proximately caused emotional and actual damaged and DEFENDANTS are liable to PLAINTIFF for such injury.

## VIII. COUNT THREE
## NEGLIGENCE

30. PLAINTIFF restates and reiterates herein all previous paragraphs.

31. DEFENDANTS' acts, as described herein, were done so negligently and without care or concern for the well-being of PLAINTIFF.

32. DEFENDANTS' negligent acts were purposeful to illegally coerce PLAINTIFF into paying the alleged debt.

33. As a proximate consequence of DEFENDANTS' negligence, PLAINTIFF has been caused to suffer severe emotional and mental distress.

34. As a result of the DEFENDANTS' unlawful acts, DEFENDANTS are liable to PLAINTIFF for actual, compensatory, and punitive damages, and costs and attorney's fees.

## IX. COUNT FOUR
## HARASSMENT

35. PLAINTIFF restates and reiterates herein all previous paragraphs.

36. DEFENDANTS' acts, as described herein, were done so negligently and without care or concern for PLAINTIFF'S well being. DEFENDANTS' harassing collection tactics created a hostile environment for PLAINTIFF.

37. DEFENDANTS' wrongfully exploited PLAINTIFF in an attempt to coerce her into paying the alleged debt.

38. DEFENDANTS' communications to PLAINTIFF were offensive and harassing.

39. As a proximate consequence of DEFENDANTS' harassment, PLAINTIFF has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## X. COUNT FIVE
## INVASION OF PRIVACY

40. PLAINTIFF restates and reiterates herein all previous paragraphs.

41. DEFENDANTS' conduct, as described herein, constitutes an invasion of PLAINTIFF'S privacy in that it intrudes into PLAINTIFF'S private life, publishes private facts regarding PLAINTIFF, and places PLAINTIFF in a false light in the eyes of those to whom the publications are made.

42. As a direct and proximate consequence of DEFENDANTS' acts of invading PLAINTIFF'S privacy, PLAINTIFF has been injured in that PLAINTIFF has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## XI. DECLARATORY AND INJUNCTIVE RELIEF

43. PLAINTIFF restates and reiterates herein all previous paragraphs.

44. There exists a dispute over whether DEFENDANTS have violated the FDCPA and Alabama Deceptive Trade Practices Act.

45. PLAINTIFF is entitled to injunctive relief, a declaratory judgment and a determination that DEFENDANTS violated the FDCPA and Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-3 *et seq.* and PLAINTIFF is similarly entitled to an order enjoining said acts.

46. As a result of DEFENDANTS' actions, omissions and violations, PLAINTIFF is entitled

to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

47. DEFENDANTS' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon PLAINTIFF, proximately causing PLAINTIFF to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## XII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against each and every DEFENDANT, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of DEFENDANTS to be unlawful, enjoining DEFENDANTS from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award PLAINTIFF actual damages;

c) Award PLAINTIFF punitive damages;

d) Award PLAINTIFF state and federal statutory damages;

e) Award PLAINTIFF compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f) Award PLAINTIFF reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY submitted this the 11th day of March, 2008.

_[signature]_

K. ANDERSON NELMS
847 So. McDonough Street, Ste 100
Montgomery, AL 36104
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@andersonnelms.com
ASB-6972-E63K
Counsel for Plaintiff

Anderson Nelms & Associates, LLC
847 S. McDonough Street, Suite 100
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**THE DEFENDANT(S) MAY BE SERVED AT THE FOLLOWING ADDRESS:**

BRACHFELD ASSOCIATES
20300 South Vermont Avenue, Suite 120
Torrance, California 90502-1338

WASHINGTON MUTUAL
1301 Second Avenue
Seattle, Washington 98101